UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| REGINALD EVANS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case number 4:04cv1195 TCM |
| TROY STEELE,[1] | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This 28 U.S.C. § 2254 action is before the undersigned on the motion of petitioner, Reginald Evans, requesting an evidentiary hearing. [Doc. 18]

Petitioner pled guilty to five felonies and was sentenced to an aggregate term of twenty-five years' imprisonment. In this habeas proceeding, he seeks relief on the grounds that (1) his trial counsel was ineffective for failing to ascertain whether he was competent and to advise the court that he was not and (2) his post-conviction counsel was ineffective for failing to properly raise the issue of competency. Respondent argues that the first ground was properly denied on its merits in state court and the second ground is not a cognizable § 2254 claim.

In his pending motion, Petitioner argues that an evidentiary hearing is necessary for the development of material facts on the issues of whether trial counsel told him he would not be sentenced to a term longer than twenty years and whether trial counsel was ineffective for failing to advise the court of Petitioner's mental illness.

---

[1]Petitioner notes in his motion that Troy Steele is now the custodian at the correctional center where Petitioner is confined. Troy Steele will be substituted for Chuck Dwyer as the proper respondent. See Rule 2, Rules Governing Section 2254 Cases.

The circumstances under which this court may hold an evidentiary hearing in a § 2254 case are severely restricted. See 28 U.S.C. § 2254(e)(2). "To overcome this hurdle a petitioner must show that the claim involves a new rule of constitutional law made retroactive to his situation, or facts that could not have been discovered by due diligence, or sufficient facts to establish constitutional error by clear and convincing evidence." **Hall v. Luebbers**, 296 F.3d 685, 700 (8th Cir. 2002) (citing § 2254(e)(2)). Petitioner's claims do not, at this stage of the proceedings, overcome the hurdle.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for an Evidentiary Hearing is **DENIED**. [Doc. 18]

**IT IS FURTHER ORDERED** that Troy Steele is substituted as the proper party respondent.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of August, 2006.